IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LATELLE BUTCHER,

    Plaintiff,

CASE NO.: 8:13cv1537　30 MAP

-VS-

ENHANCED RECOVERY COMPANY, LLC,

    Defendant.

_____/

## COMPLAINT

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C § 227 et seq.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. Plaintiff, LATELLE BUTCHER, is a natural person over the age of 18 who resides in the City of Tampa, County of Hillsborough, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, ENHANCED RECOVERY COMPANY, LLC (hereinafter "ERC") is a collection agency operating from an address of 8014 Bayberry Rd., Jacksonville, FL 32256, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).



## FACTUAL ALLEGATIONS

6. On or about March, 2012, Plaintiff received a new (and his current) cell phone number through his cell phone provider.

7. Shortly after receiving his new cell phone number, Plaintiff began to receive an exorbitant number of calls from ERC attempting to collect a debt owed by an individual known as "Jonathan Winters."

8. Each call ERC made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers.

9. Each call ERC made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

10. Plaintiff never provided ERC with his cell phone number.

11. During conversations with agents of ERC, Plaintiff would explain that he does not now, nor has ever known, an individual known as Jonathan Winters and to stop calling his cell phone.

12. Despite Plaintiff's continual pleas to ERC that he is not the individual they are looking for and to cease calling, ERC continued to bombard the Plaintiff's cell phone with automated calls seeking payment of a debt for one Jonathan Winters.

13. Due to such a high volume of calls from ERC to his cell phone, Plaintiff was not able to keep track of each call, however the following is a sample of the calls he received from ERC in which he spoke to an agent of ERC on his cell phone:

    a) January 14, 2013 at 6:08 p.m.

    b) January 15, 2013 at 10:57 a.m. and 10:58 a.m.

    c) January 16, 2013 at 7:22 p.m.

d) January 25, 2013 at 8:58 a.m.

e) February 1, 2013 at 9:28 a.m.

f) February 8, 2013 at 9:41 a.m.

g) February 15, 2013 at 12:04 p.m.

h) February 28, 2013 at 10:10 a.m.

14. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

15. Defendant called the Plaintiff over one hundred and twenty (120) times on his cellular telephone without the express permission of the Plaintiff to do so.

16. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

17. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FDCPA

### 15 U.S.C. § 1692 et seq.

18. Plaintiff incorporates by reference, the above one (1) through seventeen (17) paragraphs of this Complaint as though fully stated herein.

19. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and everyone one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

  (a) The Defendant violated 15 U.S.C. §1692d by continually placing telephone calls to the Plaintiff, the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

  (b) The Defendant violated 15 U.S.C. § 1692e(2) by attempting to collect a debt from the Plaintiff in which he was not the responsible party.

20. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

  **WHEREFORE**, Plaintiff prays that judgment be entered against Defendant and moves this Honorable Court for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for the Plaintiff; for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692(a)(2)(A) against the Defendant and for the Plaintiff; for an award of costs of litigation and reasonably attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for the Plaintiff, for an award of punitive damages against the Defendant and for the Plaintiff, and any other such relief this Honorable Court may deem just and proper in the spirit of justice.

**COUNT II**
**(Violation of the Telephone Consumer Protection Act "TCPA")**

Plaintiff re-alleges paragraphs one (1) through seventeen (17) above and further states:

21. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

  **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so

triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

Jared Michael Lee, Esquire
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4708
Florida Bar #: 0052284
Attorney for Plaintiff
jlee@forthepeople.com